**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **BARRY WATSON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-06-462-R |
| | ) | |
| **HAROLD MAURICE JAMES, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**O R D E R**

Before the Court is the Report and Recommendation [Doc. No. 14] of United States Magistrate Judge Bana Roberts entered August 8, 2006. Also before the Court is Plaintiff's Objection to the Report and Recommendation [Doc. No. 20-1] filed September 26, 2006. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Plaintiff's Objection.

The Magistrate Judge recommended that Plaintiff's Complaint be dismissed upon filing as barred by the applicable two-year statute of limitations, Okla. Stat. tit. 12, § 95(3), after conducting the initial review required by 28 U.S.C. § 1915A(a). The Magistrate Judge found that "Plaintiff knew or should have known that Defendant Merritt had not included all the claims of error he had requested on or shortly after May 23, 2001, when the direct appeal brief was filed," Report and Recommendation at p. 6, and that "[a]t the very latest, the claims raised in the instant complaint accrued upon receipt of the October 18, 2001, opinion issued by the OCCA affirming Petitioner's conviction and sentence without a supplemental brief or request for evidentiary hearing having been filed by his appellate counsel." *Id*. Thus, the

Magistrate Judge concluded that this action, which was not filed until April 25, 2006, was barred by the statute of limitations unless some basis for tolling the limitation period existed. The Magistrate concluded that no such basis existed and that Plaintiff had alleged no facts suggesting diligent efforts to bring this action during the limitation period.

The Court has reviewed the entire record herein. In addition to agreeing with the Magistrate Judge's findings as to when Plaintiff knew or should have known that Defendant had not raised claims Plaintiff believed should be raised on direct appeal, the Court finds that Plaintiff knew or should have known of Defendant's alleged conflict of interest, that she and trial counsel for Plaintiff were attorneys from the Oklahoma County Public Defender's Office, by May 23, 2001, when the direct appeal brief was filed. *See* Exhibit "24" to Plaintiff's Objection to Report and Recommendation.

The Court understands that Plaintiff did not learn the identity of the arresting officer in his criminal case, Harold Maurice James, until on or about March 31, 2003 when the Attorney General filed its response to an Order of March 10, 2003 granting Petitioner's motion for expansion of the record in *Watson v. Poppell*, Case No. 02-346-T, and apparently Plaintiff did not learn that the arresting officer was an African American man until that time, although this is not entirely clear. However, assuming that Plaintiff used all due diligence to obtain that information, these facts do not provide a basis for tolling the limitation period for Plaintiff's claims that Defendant conspired with "coworkers, a state official or state officials" to deny Plaintiff's right to a direct appeal, his right to conflict-free and effective assistance of counsel and his due process and equal protection rights. Nor do these facts

provide a basis for tolling the limitation period for his claim that Defendant Merritt engaged in racial discrimination by conspiring with "state officials" during the direct appeal process and by failing to raise claims based on discriminatory jury selection and ineffective assistance of counsel as he had requested. If the Court assumes that Plaintiff is alleging and asserting that Defendant conspired with others to deprive him of his direct appeal rights by concealing the name and race of the arresting officer, Plaintiff states that he learned of the identity of the arresting officer when the Attorney General filed its response to the Order of March 10, 2003, in Case No. CIV-02-346-T, which occurred on March 31, 2003. *See* Doc. Nos. 31 and 32 in Case No. CIV-02-346-T. Therefore, even if the limitation period was tolled until on or about March 31, 2003, Plaintiff's § 1983 claim against Defendant Merritt for conspiracy to conceal the identity of the arresting officer is barred by the two-year statute of limitations because this action was not filed until April 25, 2006.

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge is ADOPTED in its entirety, Plaintiff's Complaint is DISMISSED upon initial review as time-barred pursuant to 28 U.S.C. §§ 1915A; 1915(e)(2)(B), and dismissal shall count as one strike pursuant to 28 U.S.C. § 1915(g) after Plaintiff has exhausted or waived his right to appeal; Plaintiff's motion for an extension of time to make partial payment pursuant to his *forma pauperis* status [Doc. No. 11] is DENIED; and Plaintiff's request for an order directing service of summons and the complaint [Doc. No. 13] is DENIED.

**It is so ordered this 9th day of November, 2006.**

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE